PEOPLE *v.* LOPEZ

PEOPLE *v.* KONDAKOR

1. CRIMINAL LAW — TRIAL — WITNESSES — CROSS-EXAMINATION BY DEFENSE.

Refusal of trial court to allow defense counsel to cross-examine a witness for the people who was an accomplice to the crime charged as to whether the witness had been charged with any crime in connection with the case was reversible error.

2. CRIMINAL LAW—TRIAL—EVIDENCE—TESTIMONY OF ACCOMPLICE.

Trial court's allowance, over objection by the defense, of testimony by a witness for the people, who was an accomplice to the crime charged, that the reason he left town several months after the commission of the crime was out of fear for his safety was reversible error.

Appeal from Recorder's Court of Detroit, Robert E. De Mascio, J. Submitted Division 1 January 14, 1969, at Detroit. (Docket Nos. 5,063, 5,590.) Decided February 26, 1969.

Camilo Lopez was convicted of assault with intent to rob, being unarmed. Joseph J. Kondakor was convicted of assault with intent to rob, being unarmed, and assault with intent to do great bodily harm less than murder. Defendants appeal. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 655.
[2] 30 Am Jur 2d, Evidence §§ 1148–1151.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Thomas P. Smith,* Assistant Prosecuting Attorney in No. 5,063, and *Patricia J. Pernick,* Assistant Prosecuting Attorney in No. 5,590.

*Joel M. Shere,* for defendant Lopez on appeal.

*Robert J. McClure,* for defendant Kondakor on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Defendants Camilo Lopez and Joseph J. Kondakor were tried in the Recorder's Court of the City of Detroit before a jury. Defendant Lopez was convicted of assault with intent to rob, being unarmed, CL 1948, § 750.88 (Stat Ann 1962 Rev § 28.283). Defendant Kondakor was convicted of assault with intent to rob, being unarmed, CL 1948, § 750.88 (Stat Ann 1962 Rev § 28.283), and assault with intent to do great bodily harm less than murder, CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279). This appeal is taken and error claimed because the trial judge (1) refused to allow defense counsel to cross-examine the people's witness—an accomplice to the crime charged—as to whether the witness had been charged with any crime in connection with the case at bar, (2) allowed testimony of people's witness—an accomplice to the crime charged—over objection, that the reason he left town several months after the commission of the crime was out of fear for his safety.

We hold that the trial court erred on both issues.

Reversed and remanded.