## PEOPLE *v.* HOLTZHOUSE

1. CRIMINAL LAW—TRIAL—DIRECT EXAMINATION—LIMITING EXAMINATION.

Trial judge's limitation of direct examination of a prosecution witness to prevent conclusionary statements but permitting him to testify only as to those present during an accomplice's confession was not error where defendant made no objection and did not avail himself of the opportunity expressly accorded to cross-examine regarding any and all circumstances surrounding the confession.

2. ATTORNEY AND CLIENT—CONDUCT OF LITIGATION—PROFESSIONAL JUDGMENT—CROSS-EXAMINATION.

An appellate or trial court should not act as counsel or preempt the professional judgment of trial counsel where matters

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 53 Am Jur, Trial §§ 76, 81, 88, 89, 92.

of judgment are involved such as a delicate decision as to whether more could be lost than gained by cross-examination of an adverse witness.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 April 9, 1970, at Detroit. (Docket No. 7,120). Decided September 29, 1970. Leave to appeal denied December 15, 1970. 384 Mich 789.

Irvin Leroy Holtzhouse, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Paul R. Jackman,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

WEIPERT, J. Defendant was convicted of armed robbery in the Recorder's Court for the City of Detroit, Honorable Frank G. Schemanske presiding. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28-.797). The only issue raised on appeal is whether the trial judge erred in limiting direct examination of a prosecution witness in order to order to prevent conclusionary statements. Unlike the situation in *People* v. *Lopez* (1969), 16 Mich App 208, cross-examination by defendant's counsel was unrestricted.

An accomplice of the defendant implicated him in his confession and at trial testified for the pros-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ecution as to defendant's full participation in the crime. Defendant was allowed full opportunity to cross-examine but did little to attack the accomplice's credibility.

The trial judge limited direct examination of the next witness for the state, a police officer, permitting him to testify only as to the persons present during the accomplice's confession. Defendant made no objection, and did not avail himself of the opportunity, expressly accorded, to cross-examine regarding any and all circumstances surrounding the confession.

We find no error disclosed by the record and the briefs. Although the question of the effectiveness of defendant's representation in the trial court was not raised, appellant by implication would have the Appellate Court establish some standards of trial strategy. But it is not for an appellate court, any more than it is for the trial court, to act as counsel or to preempt the professional judgment of trial counsel. Matters of judgment were present in this case; a delicate decision had to be made as to whether more could be lost than gained by cross-examining the witness. Defendant's conviction is affirmed.

All concurred.